UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON PARKER,

    Plaintiff,

v.

FEDERAL EXPRESS CORP.,

    Defendant.
_____/

Case No. 09-15063

HON. SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS AND GRANTING IN PART DEFENDANT'S
MOTION FOR MORE DEFINITE STATEMENT [Doc. No. 3]

Plaintiff Brandon Parker ("Parker") filed this action on December 1, 2009 in the Oakland County, Michigan, Circuit Court. Defendant Federal Express Corp. ("Fed Ex") removed the case on December 31, 2009. The matter is before the Court on Fed Ex's motion to dismiss or for more definite statement [Doc. No. 3]. The parties have fully briefed the issues, and a hearing was held on May 24, 2010. For the reasons that follow, the Court **GRANTS IN PART** Fed Ex's motion to dismiss Parker's negligent infliction of emotional distress claim [Count IV], and **GRANTS IN PART** Fed Ex's motion for more definite statement of Parker's contract claim [Count I] and Parker's intentional infliction of emotional distress claim [Count III]. The remainder of Fed Ex's motion is **DENIED**.

BACKGROUND

Consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, the following are the facts of this case as alleged in Parker's Complaint [Doc. No. 1].

1

Parker - an African-American male - began working for Fed Ex in approximately 2003[1], holding the position of Operations Manager at Fed Ex's location at 2801 Clark Street in Detroit, Michigan ("the Detroit Facility"). [Pl.'s Complaint, Doc. No. 1, ¶12]. Under Parker's supervision, the Detroit Facility performed at a high level, receiving the highest district survey feedback action ratings from its hourly employees. *Id*. at ¶¶11, 13. Parker also received a merit salary increase in Decemebr of 2008. *Id*. at ¶19. Despite this success, Fed Ex closed the Detroit Facility due to financial reasons, and transferred Parker to a Southfield, Michigan facility on June 1, 2009. *Id*. at ¶¶14-15.

Parker's work relationship with Fed Ex appears to have soured almost immediately after his reassignment to Southfield - though Parker's Complaint is light on the salient details directly leading to his termination. On or about June 10, 2009, Fed Ex security engaged in an initial interview with Parker. *Id*. at ¶28. A follow-up interview was held on or about June 30, 2009, where Parker was interrogated regarding: 1) his alleged sexual relationship with his supervisor, LaTonia Smith; and 2) his alleged mis-handling of packages containing drugs. *Id*. at ¶¶29, 32. Presumably as a result of these investigations - Parker neglects to elaborate in further detail - Fed Ex decided to terminate Parker's employment on July 27, 2009. *Id*. at ¶8.

Parker filed a four-count complaint against Fed Ex in the Oakland County, Michigan, Circuit Court on December 1, 2009. In his Complaint [Doc. No. 1], Parker alleges causes of action for "Breach of Implied Contract and Wrongful Discharge" [Count I], "Race Discrimination" under Michigan's Elliot Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

---

[1] The Complaint states that Mr. Parker was discharged from employment in July of 2009, at which time Mr. Parker had worked "over 6 years" with Fed Ex. [Doc. No. 1, ¶¶8, 10].

[Count II], "Intentional Infliction of Emotional Distress" [Count III], and "Negligent Infliction of Emotional Distress" [Count IV]. Relying upon this Court's diversity jurisdiction, Fed Ex removed the action to the Eastern District of Michigan on December 31, 2009. [*See* Doc. No. 1].

On December 31, 2009, Fed Ex filed the instant motion [Doc. No. 3], wherein Fed Ex seeks dismissal of all of Parker's causes of action. In the alternative, Fed Ex requests that the Court order Parker to provide a more definite statement of his causes of action pursuant to FED. R. CIV. P. 12(e). Parker opposes Fed Ex's motion. [*See* Pl.'s Br., Doc. No. 10, pp.2-3].

## STANDARD OF REVIEW

Motions to dismiss are governed by FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is only proper if it, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955, 1970 (2007).

Under FED. R. CIV. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Twombley*, the Supreme Court held that while a complaint need not contain "detailed factual allegations," it must contain more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action. . ." to survive a motion to dismiss." *Twombley*, 550 U.S. at 570. In other words, simply alleging the proper elements of a claim is not sufficient to survive a Rule 12(b)(6) challenge. A complaint similarly does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombley*, 550

3

U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombley*, 550 U.S. at 555.

Under FED. R. CIV. P. 12(e), a party may move for a more definite statement when the opposing party's pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "District courts throughout this circuit have repeatedly held that a motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail." *Sierra Club v. City of Holland*, 2010 WL 816864, *3 (W.D. Mich. Mar. 4, 2010) (internal quotations omitted).

ANALYSIS

Fed Ex brings the instant motion seeking dismissal of all counts brought by Parker in this cause of action, or, in the alternative, seeking a more definite statement of Parker's causes of action. As there is no legal basis for Parker's negligent infliction of emotional distress claim [Count IV], the Court **GRANTS** Fed Ex's motion to dismiss that claim. Further, as the Parker's cause of action for breach of contract [Count I] and for intentional infliction of emotional distress [Count III] are, at best, a "threadbare recital[] of the elements of a cause of action," *Iqbal*, 129 S.Ct. at 1949, the Court **GRANTS** Fed Ex's motion for more definite statement with respect to those claims. Finally, as Parker's complaint sufficiently alleges causes of action for race discrimination and intentional infliction of emotional distress, the Court **DENIES** the remainder of Fed Ex's motion.

    I. <u>Breach of Implied Contract/Wrongful Discharge [Count I]</u>.

In Count I of his Compliant [Doc. No. 1], Parker alleges a cause of action for "Breach of Implied Contract and Wrongful Discharge." In its entirety, the substantive portions of Parker's

4

contract cause of action are as follows:

> 36. Plaintiff performed faithfully and diligently May 1, 2003 [*sic*] in all positions being promoted by the Defendant to the position of Operations Manager.
> 37. During the time as an Operations Manager, he received wage increases for his job performance that were placed in his permanent personnel file.
> 38. Plaintiff performed faithfully and diligently as an Operations Manager until wrongfully discharged by the Defendant.
> 39. Defendant failed to follow its discipline procedure.
> 40. Defendant failed to document Plaintiff's alleged misconduct.
> 41. Defendant did not discharge Plaintiff in good faith.

[Pl.'s Complaint, Doc. No. 1, ¶¶36-41]. Even though Paragraph 35 of Parker's complaint "incorporates by reference" his previous allegations, these paragraphs fall woefully short of the required standard for effectively pleading a cause of action for breach of an implied contract.

There is a presumption under Michigan law that all employment relationships are terminable at the will of either party. *See Lytle v. Malady (On Rehearing)*, 458 Mich. 153, 163 (1998). However, Michigan courts have recognized that the presumption can be overcome through proof that the at-will employment relationship has been modified by the parties:

> A employee may prove that the at-will relationship has been contractually modified in three ways: (1) through proof of a contract provision for a definite term of employment or forbidding discharge without just cause, (2) by presenting evidence of a clear an[d] unequivocal agreement, either written or oral, regarding job security, (3) or through evidence that the employer's policies and procedures created a legitimate expectation of job security in the employee.

*Johnson v. Comair Holding LLC*, 2010 WL 785935, *4 (Mich. App. March 9, 2010), citing *Lytle*, 458 Mich. at 164.

Parker's Complaint [Doc. No. 1] does not allege that Parker had an employment contract with Fed Ex. Nor, as Fed Ex argues, has Parker "allege[d] sufficient facts to show there was a promise not to discharge him except for just cause." [Def.'s Br., Doc. No. 3, p.3].

Parker's allegations, as quoted above, fall far short of an effective claim for breach of

5

implied contract under Michigan law. However, assuming Parker did *not* have an express contract with Fed Ex, and assuming Parker's superiors at Fed Ex had *not* made statements to Parker regarding job security, Parker could still allege a valid claim for breach of implied contract if Fed Ex's "policies and procedures created a legitimate expectation of job security." *Johnson*, 2010 WL 785935, *4.

At the hearing held on May 24, 2010, counsel for Parker alleged in very general terms that Fed Ex's employment and personnel manuals created just such a legitimate expectation of job security. As Parker's current contractual cause of action falls below the standard required for pleading an effective cause of action, the Court **GRANTS** Fed Ex's motion for more definite statement with respect to this claim [Count I].

II. Parker's ELCRA Claim for Race Discrimination [Count II].

In Count II of his Complaint [Doc. No. 1], Parker alleges a cause of action for race discrimination under Michigan's Elliot Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 *et seq*. Relying upon cases interpreting law from other jurisdictions, Fed Ex argues that Parker's ELCRA claim should be dismissed. [*See* Def.'s Br., Doc. No. 3, p.3]. The Court disagrees.

Michigan's ELCRA prohibits an employer from discriminating against an employee because of race or national origin. M.C.L. § 37.2202(1)(a). To establish a prima facie case of racial discrimination, a plaintiff must show the following:

> (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he suffered the adverse employment action under circumstances that give rise to an inference of unlawful discrimination.

*Shariff v. Ford Motor Co.*, 2009 WL 4981177, *1 (Mich. App. Dec. 22, 2009), citing *Wilcoxon v. Minnesota Mining & Mfg. Co.*, 235 Mich. App. 347, 361 (1999).

Citing *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) and *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000) - two cases that did *not* involve Michigan's ELCRA - Fed Ex argues as follows in support of its motion to dismiss:

> Plaintiff has failed to allege any specific individual he was treated differently than. Plaintiff has also failed to allege the individual responsible for the discrimination, i.e., the individual that is predisposed to discriminate on the basis of race. Furthermore, Plaintiff has failed to state **any** facts in support of his race discrimination cause of action at all.

[Def.'s Br., Doc. No. 3, p.3 (citations omitted) (emphasis in original)]. The Court disagrees. Simply put, the first two of Fed Ex's arguments discussed *supra* are not relevant to the four-part prima facie ELCRA claim laid out in *Shariff* and in *Wilcoxon*. Further, Parker *has* alleged facts in support of his race claim under the ELCRA:

> 44. Plaintiff's race was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from his position of Operations Manager.
> 45. Had Plaintiff been white, he would have not been terminated.
> 46. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.
> 47. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated white employees in the terms and conditions of employment, based on unlawful consideration of race.

[Pl.'s Compliant, Doc. No. 1, ¶¶44-47]. To be sure, Parker will need to come forward with sufficient evidence backing up these allegations to survive a motion for summary judgment, but that day is not today. For these reasons, the Court **DENIES** Fed Ex's motion to dismiss Parker's ELCRA claim [Count II].

   III. Parker's Claim for Intentional Infliction of Emotional Distress [Count III].

In Count III of his Complaint [Doc. No. 1], Parker alleges a cause of action for intentional infliction of emotional distress. As Parker's Complaint fails to bring forth any facts

7

which would support such a cause of action, however, the Court **GRANTS** Fed Ex's motion for more definite statement with respect to this claim [Count III].

"As is often noted, our Supreme Court [of Michigan] has not officially recognized the tort of intentional infliction of emotional distress." *VanVorous v. Burmeister*, 262 Mich. App. 467, 481 (2004). However, the Michigan Court of Appeals has adopted the definition of intentional infliction of emotional distress found in 1 Restatement Torts, 2d, § 46, p.71, which provides that:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*See, e.g., Early Detection Center, P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 625 (1986).

To establish a prima facie claim of intentional infliction of emotional distress, "the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v. Taylor*, 263 Mich. App. 618, 634 (2004). The threshold showing for "extreme and outrageous" conduct is high. *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985). The initial determination for "extreme and outrageous" conduct is one for the trial court, *Swabini v. Desenberg*, 143 Mich. App. 373, 383 (1985), but "where reasonable minds may differ," the question is "a question for the jury." *Lewis v. LeGrow*, 258 Mich. App. 175, 197 (2003).

Liability for intentional infliction of emotional distress attaches only where a plaintiff can demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in

8

degree, as to go beyond all possible bounds of decency, and to be regarded as utterly intolerable in a civilized community." *Linebaugh v. Sheraton Mich. Corp.*, 198 Mich. App. 335, 342 (1993). A defendant is not liable for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe v. Mills*, 212 Mich. App. 73, 91 (1995). Rather, recovery is generally limited to instances "in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.*

In its motion to dismiss, Fed Ex argues that Parker has failed to sufficiently allege a claim for intentional infliction of emotional distress:

> Plaintiff has failed to allege facts sufficient to survive a motion to dismiss on this claim. Plaintiff's only facts alleged which could support such a claim are that he was interviewed by FedEx security twice, asked questions that he didn't like, and was then terminated without cause. These facts are not outrageous.

[Def.'s Br., Doc. No. 3, p.4]. The Court agrees.

Though Parker's complaint generally alleges that the manner by which Fed Ex terminated his employment *was* "extreme, outrageous, and of such character as not to be tolerated by a civilized society" [Pl.'s Complaint, Doc. No. 1, ¶52], this assertion is merely a legal conclusion by Parker. No underlying facts are given by Parker to demonstrate, even at this early stage in the litigation, *why* his termination was "extreme, outrageous, and of such character as not to be tolerated by a civilized society."

Under the federal "notice pleading" system, all that is required of Mr. Parker is "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" FED. R. CIV. P. 8(a)(1) - and one that, under *Twombley*, is "plausible." As Parker's intentional infliction of emotional distress claim fails to bring forth any facts which would satisfy this standard, however,

9

the Court **GRANTS** Fed Ex's motion for more definite statement with respect to this claim [Count III].

    IV.  Parker's Claim for Negligent Infliction of Emotional Distress [Count IV].

In Count IV of his Complaint [Doc. No. 1], Parker alleges a cause of action for negligent infliction of emotional distress. As Parker's claim fails as a matter of law, the Court **GRANTS** Fed Ex's motion to dismiss that claim.

Michigan recognizes a cause of action for negligent infliction of emotional distress. *See, e.g., Taylor v. Kurpati*, 236 Mich. App. 315, 360 (1999). To prevail on such a claim:

> a plaintiff must allege and prove, *inter alia*, that the disturbance or shock negligently inflicted by the defendant has resulted in actual physical harm.

*Hayes v. Langford*, 2008 WL 5158896, *3 (Mich. App. Dec. 9, 2008) (internal citation and quotation omitted). Though Parker's Complaint alleges that he "has been injured and damaged in the manner set forth above" [Pl.'s Complaint, Doc. No. 1, ¶59], nowhere in his Complaint does Parker specifically allege that Fed Ex caused him "actual physical harm." *Hayes*, 2008 WL 5158896, *3.

Furthermore, Michigan Courts have "decline[d] to apply the tort of negligent infliction of emotional distress beyond a situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629 (1993). As Parker's claim seeks extension of the negligent infliction of emotional distress tort to an area not sanctioned by the courts of the State of Michigan, the Court **GRANTS** Fed Ex's motion to dismiss [Doc. No. 3] this cause of action [Count IV].

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Fed Ex's motion to dismiss

Parker's negligent infliction of emotional distress claim [Count IV]; **GRANTS** Fed Ex's motion for more definite statement with respect to Parker's contract claim [Count I] and his intentional infliction of emotional distress claim [Count III]; and **DENIES** the remainder of Fed Ex's motion [Doc. No. 3].  Plaintiff is **ORDERED** to **file an amended complaint** with respect to his contract claims in Counts I and III of his Complaint **no later than Tuesday, July 6, 2010**.

    **IT IS SO ORDERED.**

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  June 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2010, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager