UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON PARKER,

       Plaintiff,

v.                                                                    Case No. 09-15063
                                                                      Honorable Patrick J. Duggan

FEDERAL EXPRESS CORP.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S BREACH OF IMPLIED EMPLOYMENT CONTRACT CLAIM
AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 23, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On December 1, 2009, Plaintiff Brandon Parker ("Plaintiff") filed this action

against Defendant Federal Express Corporation ("FedEx") in the Circuit Court for

Oakland County, Michigan. FedEx removed Plaintiff's Complaint to federal court based

on diversity jurisdiction on December 31, 2009. The matter originally was assigned to

the Honorable Sean F. Cox, but was transferred to the undersigned as a companion matter

to two lawsuits filed on or about the same date by other plaintiffs against FedEx. *See*

*Walter v. Federal Express*, 09-15062 (E.D. Mich.) and *Smith v. Federal Express*, No. 10-

11956 (E.D. Mich.) Presently before this Court is FedEx's motion to dismiss Plaintiff's

claims in his Amended Complaint alleging breach of implied employment contract and wrongful discharge (Count I) and intentional infliction of emotional distress (Count III). The motion has been fully briefed and, on August 31, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants FedEx's motion.

## I.    Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in the complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district

court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, – U.S. – , 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

## II.     Factual and Procedural Background

Plaintiff's initial complaint contained four counts: (I) Breach of Implied Contract and Wrongful Discharge; (II) Race Discrimination under Michigan's Elliot-Larsen Civil Rights Act; (III) Intentional Infliction of Emotional Distress; and (IV) negligent infliction of emotional distress. Before this matter was re-assigned, FedEx filed a motion to dismiss or for more definite statement. On June 17, 2010, Judge Cox granted the motion to dismiss with respect to Plaintiff's negligent infliction of emotional distress claim and granted the motion for a more definite statement with respect to Plaintiff's breach of contract and intentional infliction of emotional distress claims. Plaintiff filed his Amended Complaint on July 5, 2010. FedEx responded with the pending motion to dismiss.

As alleged in Plaintiff's Amended Complaint, Plaintiff began working at FedEx in

approximately 2003.  (Am. Compl. ¶ 10.)  Plaintiff held the position of Operations

Manager at FedEx's facility in Detroit, Michigan ("Detroit Facility").  (*Id*. ¶ 11.)  Under

Plaintiff's supervision, the Detroit Facility performed at a high level, receiving the highest

district survey feedback action ratings from its hourly employees.  (*Id*. ¶¶ 11, 13.)  In

December 2008, Plaintiff also received a merit increase due to his performance.  (*Id*.

¶ 19.) Despite the success of the Detroit Facility, FedEx closed the facility for financial

reasons and, on June 1, 2009, transferred Plaintiff to a location in Southfield.  (*Id*. ¶¶ 14,

15.)

Shortly after his transfer, FedEx began an internal investigation of Plaintiff and

other FedEx employees.  (Am. Compl. ¶¶ 28-32.)  During the investigation, allegations

were made against the employees regarding mishandling of packages containing drugs

and inappropriate sexual conduct.  (*Id*.)  Plaintiff alleges that FedEx failed to comply with

policies set forth in its "people manual" when it conducted its investigation and ultimately

terminated Plaintiff.  (*Id*. ¶¶ 25, 26.)  Plaintiff attached a portion of this manual, as well as

two pages from FedEx's employee handbook, to his Amended Complaint.  (*Id*. Exs. 1, 2.)

## III.    Applicable Law and Analysis

Under Michigan law, "employment contracts for an indefinite term produce a

presumption of employment at will absent distinguishing features to the contrary."  *Dolan*

*v. Continental Airlines/Continental Express*, 454 Mich. 373, 383, 563 N.W.2d 23, 28

(1997) (citing *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292

N.W.2d 880 (1980)).  A plaintiff can overcome this presumption by producing evidence

of an express contract for a definite term or an express provision in a contract that forbids

termination absent just cause. *Id.* "Proof of a promise of job security implied in fact,

such as employment for a particular term or a promise to terminate only for just cause,

may also overcome the presumption." *Id.* at 383-84, 563 N.W.2d at 28 (citing *Rowe v.*

*Montgomery Ward & Co.*, 437 Mich. 627, 473 N.W.2d 268 (1991)). "Furthermore,

company policies and procedures may become an enforceable part of an employment

relationship if such policies and procedures instill legitimate expectations of job security

in employees." *Id.* (citing *Rood v. General Dynamics Corp.*, 444 Mich. 107, 117-18, 507

N.W.2d 591 (1993)). Lastly, even at-will employees cannot be lawfully discharged when

the reason for the discharge contravenes public policy. *Suchodolski v. Michigan Consol.*

*Gas Co.*, 412 Mich. 692, 695, 316 N.W.2d 710, 711 (1982).

In his Amended Complaint, Plaintiff does not allege that he was discharged in

contravention of public policy.[1] Further, Plaintiff fails to allege evidence to overcome the

presumption of at-will employment. Plaintiff does not allege that he had an express or

implied contract for a definite term of employment or forbidding termination absent just

cause. He does not identify or even allege that company policies or procedures instilled a

legitimate expectation of job security. At most, Plaintiff alleges that FedEx failed to

comply with the discipline procedures set forth in its Employee Handbook. (*See* Am.

---

[1]While Plaintiff asserts a violation of Michigan's Elliot-Larsen Civil Rights Act,
he does not allege in this claim or anywhere else in his Amended Complaint that his
termination was in violation of the statute.

Compl. ¶ 39.)

In fact, neither the portions of the Employee Handbook nor the FedEx People

Manual attached to Plaintiff's Amended Complaint contain promises, policies,

procedures, or statements that might overcome the presumption of at-will employment.

(Am. Compl. Ex. 1.)  To the contrary, a section of the People Manual– albeit not a portion

attached to Plaintiff's Amended Complaint[2]– contains an express statement of at-will

employment:

> The employment relationship between the Company and any employee may
> be terminated at the will of either party as stated in the employment
> agreement signed upon application for employment.  As described in that
> agreement, the policies and procedures set forth in this manual provide
> guidelines for management and employees during employment but do not
> create contractual rights regarding termination or otherwise.

(Def.'s Mot. Ex. 1.)  This Court therefore agrees with FedEx that Plaintiff has not

amended his complaint to successfully allege a breach of implied contract or wrongful

discharge claim on which relief may be granted.

The Court also agrees with FedEx that Plaintiff fails to allege facts in his Amended

Complaint sufficient to state an intentional infliction of emotional distress claim.  Under

Michigan law, a plaintiff alleging such a claim must prove: "(1) extreme and outrageous

conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress."

---

[2]A court may consider a document attached to a motion to dismiss, without
converting the motion to a motion for summary judgment, if the document is referred to
in the complaint and are central to the plaintiff's claims.  *See Weiner v. Klais and Co.,
Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

*Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985)

(internal quotation marks and citation omitted).  The first element is satisfied "only where

the conduct has been so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency, and to be regarded as atrocious, and utterly

intolerable in a civilized community." *Roberts*, 422 Mich. at 603, 374 N.W.2d at 908-09

(internal quotation marks and citation omitted). Plaintiff fails to allege facts sufficient to

support this first element of his claim.

In Count III of his Amended Complaint, incorporating his previous allegations,

Plaintiff asserts:

> 72. Defendant's conduct as outlined above was intentional.
>
> 73.  Defendant['s] conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.
>
> . . .
>
> 81.  Defendant's conduct as outlined above was for an ulterior motive or purpose.
>
> 82. Defendant's conduct resulted in severe and serious emotional distress.

(Am. Compl. ¶¶ 72-82.)  Simply reciting the elements of one's cause of action is

insufficient to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at

1965.  The factual content alleged in Plaintiff's Amended Complaint is insufficient to

support these assertions.

To support his intentional infliction of emotional distress claim, Plaintiff appears

to be relying upon racial remarks made by FedEx's managers and the conduct that he sets

forth to support his breach of employment contract and wrongful discharge claim.[3]

"[N]umerous courts applying Michigan law have held that allegations of wrongful

discharge from employment cannot support a claim for the intentional infliction of

emotional distress, as a matter of law." *Cole v. Knoll, Inc.*, 984 F. Supp. 1117, 1135

(W.D. Mich. 1997) (citing *Haywood v. Schwan's Sales Enter., Inc.*, No. 96-1439, 1997

WL 188463, at *3 (6th Cir. April 16, 1997); *Kovacs v. Elec. Data Sys. Corp.*, 762 F.

Supp. 161, 167 (E.D. Mich.), *aff'd.*, No. 90-1812, 1991 WL 43936 (6th Cir. 1991);

*Stopczynski v. Ford Motor Co.*, 200 Mich. App. 190, 503 N.W.2d 912, 915 (1993);

*Khalifa v. Henry Ford Hosp.*, 156 Mich. App. 485, 401 N.W.2d 884, 891 (Mich. Ct. App.

1986)).  Michigan law provides that in a "contractual setting, a tort action must rest on a

breach of duty distinct from the contract." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich.

594, 603-04, 374 N.W.2d 905, 909 (1985)).  The "[m]ere failure to perform an obligation

under a contract 'cannot give rise to a negligence action in tort." *Runions v. Auto-Owners

Ins. Co.*, 197 Mich. App. 105, 109, 495 N.W.2d 166, 168 (1992) (quoting *Roberts*, 422

Mich. at 604).  Finally, racial insults such as those alleged in Plaintiff's Amended

---

[3]In the allegations set forth within his intentional infliction of emotional distress
count, Plaintiff refers specifically only to FedEx's failure to provide him with tape
recordings of the meetings concerning his suspension and termination (Am. Compl. ¶ 80)
and accusations made against him and his fellow employees prior to his termination (i.e.
being involved in drug dealing and sexual relations with co-workers).  (*Id*. ¶¶ 74-78.)  In
this count, however, Plaintiff incorporates the remaining allegations set forth in his
Amended Complaint.  (*Id*. ¶ 71.)

Complaint (*see* Am. Compl. ¶¶ 67-68) have been found insufficiently extreme or outrageous to support an intentional infliction of emotional distress claim. *See, e.g., Khalifa*, 156 Mich. App. at 500, 401 N.W.2d at 891.

For the foregoing reasons, this Court concludes that, in his Amended Complaint, Plaintiff fails to state a breach of implied contract and wrongful discharge claim or intentional infliction of emotional distress claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendant Federal Express Corporation's Motion to Dismiss Plaintiff's Breach of Implied Employment Contract Claim (Count I) and Intentional Infliction of Emotional Distress Claim (Count III) is **GRANTED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Charles A. Zajac, Esq.
Sarah F. Henry, Esq.